IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK L. REESE, TDCJ #1027930, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2844 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## ORDER REGARDING MOTION TO RECUSE MAGISTRATE JUDGE

State inmate Roderick L. Reese (TDCJ #1027930) filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a disciplinary conviction he received while incarcerated at the Wayne Scott Unit of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He proceeds *pro se* in this case. Pending is Petitioner's Motion for Recusal/Disqualification of Judge. *See* Docket Entry No. 25.

Petitioner does not specify the name of the judge he wishes to recuse but states that the judge in question has previously denied Petitioner's motions. Accordingly, the Court construes the motion as seeking the recusal of the undersigned magistrate judge and concludes that his motion should be DENIED for the reasons that follow.

# I. <u>Standard of Review</u>

A motion to recuse is committed to the discretion of the targeted judge, and the denial of such a motion will not be reversed on appeal unless the judge has abused her discretion. <u>United States v. Bremers</u>, 195 F.3d 221, 226 (5th Cir. 1999); <u>United States v. Anderson</u>, 160 F.3d 231, 233 (5th Cir. 1998) (citations omitted). "The judge abuses his discretion in denying recusal where 'a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality.'" <u>Andrade v. Chojnacki</u>, 338 F.3d 448, 454 (5th Cir. 2003) (citation omitted). When considering a motion to disqualify pursuant to 28 U.S.C. § 455(a), the Court applies an objective standard to determine whether a reasonable person with knowledge of the relevant facts would conclude that the judge's impartiality might reasonably be questioned. <u>Liteky v. United States</u>, 114 S. Ct. 1147, 1153 (1994).

The Fifth Circuit has stated that "'[a]s a general rule, for purposes of recusal, a judge's 'personal' knowledge of evidentiary facts means 'extrajudicial,' so facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification.'" <u>Brown v. Oil States Skagit Smatco</u>, 664 F.3d 71, 81 (5th Cir. 2011) (quoting <u>Conkling v. Turner</u>, 138 F.3d 577, 592 (5th Cir. 1998)); *see also* 13D Charles Alan Wright,

*et al.*, FEDERAL PRACTICE AND PROCEDURE § 3543 (3d ed.) ("[K]nowledge of disputed facts learned from judicial proceedings generally will not require recusal.").

## II. **Discussion**

Petitioner contends that the undersigned should recuse herself from this habeas case because she has denied all of his motions and has granted extensions of time to the Respondent to file an answer to his petition. Docket Entry No. 25 at 2. Petitioner contends that the undersigned's rulings against Petitioner and in favor of Respondent shows more than an inherent bias and prejudice. Id. He maintains that the undersigned is thwarting Petitioner's attempts to acquire exculpatory evidence and that the alleged obstruction "cannot be deemed in the interest of justice." Docket Entry No. 25 at 2.

Title 28 U.S.C. § 455(a) requires that "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Petitioner's sole basis for moving the undersigned to recuse in this matter is the undersigned's previous rulings. Adverse rulings in a judicial proceeding are not proof of bias or prejudice and do not constitute grounds for recusal. See Liteky, 114 S. Ct. at 1157 (citing United States v. Grinnell, 384 U.S. 563, 583 (1966)); In re Hipp, Inc., 5

3

F.3d 109, 116 (5th Cir. 1993). Accordingly, he does not show any valid basis for recusal in this case.

Because Petitioner states no valid basis for the undersigned's recusal, it is

**ORDERED** that the motion to recuse the undersigned (Docket Entry No. 25) is **DENIED**.

The Clerk shall provide a copy of this Order to the parties of record.

**SIGNED** at Houston, Texas, on this 9th day of November, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

4